Kinsey C. J.
One question made on the motion was whether the Statutes of Charles and James respecting writs of error extend here. I have made inquiries upon the subject, and the result of them, as well as my own experience for 35 years, induce me to believe there is no doubt of their extension. They have been practised under, since the act of assembly of 1747, which has been considered as merely cumulative. It was said in the argument that the period from which to determine the extension of English statutes was the surrender of the government. From this opinion I entirely dissentj and the late Chief Justice to my certain knowledge entertained no such idea.
With regard to the regularity of this execution, it has been contended by the counsel for the rule, that to issue an execution, pending a motion for leave to issue it, is irregular, and a trick upon the defendant. That the plaintiff, having the very term the writ of error was presented, moved for leave to take out execution on some supposed defect in-the entering of bail, was not at liberty to abandon that motion, and issue his execution as of course. As to his saying there is no such rule entered, it is immaterial, the motion was made and should have been entered. The defendant and his counsel could not know that the motion was suppressed or withdrawn without a regular justice of the fact.
*163 We are of opinion, that the rule having been moved, it must be considered as existing quo ad Wood; and the opposite party shall not be permitted to avail himself of the non-entry of it. Such a practice would lead to deception, Topping v. Ray (a) Bowles v. Edwards (b) and Howard v. Rickman and Rhea decided in this court in May 1792, (c) are to this point. It was irregular therefore to sue out execution pend» ing this motion.
There is however another point left untouched by the counsel that is decisive upon this case. It has been argued as if the '}• days given to file bail were to be .computed from the allowance of the writ of error. Regularly a writ of error should not be presented until judgment is signed; but a practice has prevailed of doing it immediately upon the award of judgment, and entry of it on the minutes, in order to prevent execution from issuing on signing the judgment and filing the roll, which may not be known to the attorneys residing at a distance. I take it however to be clear that the 4 days aro tobe computed from the time of the judgment signed, and as in this case the judgment was signed on the 21 st and execution issued on the 23d of the same month it was irregular, and for that reason also must be set aside.
Rule absolute-,

 1 T. R. 227.

 4T. R. 118.

 Ante.